# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO. 1:07-cv-01390-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION |
| v. | (Doc. 41) |
| DERRAL G. ADAMS, et al., | |
| Defendants. | |

Plaintiff Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 19, 2010, Plaintiff filed a motion requesting that the Court modify the scheduling order issued on December 14, 2009 and hold this action in abeyance for ninety (90) days. (Doc. #41.)

Plaintiff seeks a modification of the scheduling order for a stay of this action because he was transferred to a different prison to attend a civil trial that was scheduled to last through March 29, 2010. Plaintiff states he was unable to bring the records and files relevant to this case and cannot meaningfully prosecute this action while he is attended the trial.

Federal Rule of Civil Procedure 16(b) provides that a scheduling order can only be modified for good cause. "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension. Id. (quoting Fed. R. Civ. P. 16 advisory committee's notes).

///

1  "The District Court has broad discretion to stay proceedings as an incident to its power to
2  control its own docket." Clinton v. Jones, 520 U.S. 681, 707 (1997) (citing Landis v. North
3  American Co., 299 U.S. 248, 254 (1936)). "The proponent of the stay bears the burden of
4  establishing its need." Id. at 706.  The Court considers the following factors when ruling on a
5  request to stay proceedings:  (1) the possible damage which may result from the granting of a stay,
6  (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the
7  orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and
8  questions of law which could be expected to result from a stay.  Filtrol Corp. v. Kelleher, 467 F.2d
9  242, 244 (9th Cir. 1972) (quoting CMAX, Inc. V. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

10  The Court finds that any extension of time or stay of this action is premature.  The deadlines
11 set in the Court's scheduling order are not imminent; the earliest deadline is the June 14, 2010
12 deadline to amend the pleadings.[1]  Plaintiff has not identified any other imminent deadlines in his
13 motion, such as a deadline for responding to a discovery request.  The trial to which Plaintiff refers
14 was scheduled to end on March 29, 2010, well before any deadline in this action.  Plaintiff has not
15 identified any amendment, discovery request, or dispositive motion that he is currently preparing,
16 and it is not yet clear that Plaintiff will be unable to meet any current deadlines given that the
17 deadlines are still months away.  Therefore, the Court will deny Plaintiff's motion without prejudice.
18 Plaintiff may re-file motions requesting extensions of time as those deadlines become imminent.

19  Accordingly, it is HEREBY ORDERED that Plaintiff's motion, filed on January 19, 2010,
20 is DENIED.

22 IT IS SO ORDERED.
23 **Dated:   May 3, 2010**                     /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] The deadline for completion of all discovery has been set for August 14, 2010, and the deadline for filing pre-trial dispositive motions is set for October 25, 2010.