# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>            Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS,<br>et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:07-cv-01390-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING MOTIONS FOR PRELIMINARY INJUNCTION<br><br>(Docs. 53, 54)<br><br>DEADLINE THIRTY DAYS |

Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 21, 2007, and is proceeding on Plaintiff's second amended complaint filed on April 8, 2009. (Docs. 1, 21, 30.). This action is proceeding on Plaintiff's second amended complaint for claims stemming from events at California State Prison in Corcoran ("CSP-Corcoran") for First Amendment retaliation, excessive force in violation of the Eighth Amendment and violating Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. (Docs. 21, 30.).

On August 20, 2010, and on August 25, 2010, Plaintiff filed duplicative motions[1] seeking an order of protection. (Docs. 53, 54). In Plaintiff's motion for preliminary injunctive relief, he states that defendant Hanson and "numerous other L4 kitchen staff and the [correctional officers] of [Plaintiff's] assigned housing unit . . . were conspiring and retaliating against [Plaintiff] via a

---

[1] The Court notes that the substance of the motion is duplicative, leaving only the attachments in each motion as different by one page.

1

1  broad pattern of harassments [sic] including but not limited to sadistically reducing the quantity,
2  quality and safety of [Plaintiff's] kosher diet and often tainting [Plaintiff's] food with pain and
3  discomfort causing chemicals." (Doc. 53, pp. 2-3; Doc. 54, pp. 2-3 ). Moreover Plaintiff asserts that
4  prison officials are "maliciously denying [Plaintiff] access and services from the law library and
5  forcing [Plaintiff] to send [his] documents through other inmates . . . and burglarizing and censoring
6  . . . correspondence to attorneys, elected officials, legal aid groups and the courts . . . ." (Doc. 53,
7  p. 3; Doc. 54 p. 3.). Specifically on August 13, 2010, correctional officer Tomlin tainted Plaintiff's
8  evening meal which made him "violently ill" and caused Plaintiff to suffer from diarrhea, head-pain
9  and an acute allergic reaction and on August 14, 2010, correctional officers Morrison, Tran and C.
10 Frazier served Plaintiff with half of the correct portion of food. (Doc. 53, p. 3; Doc. 54 p. 3.).
11 Plaintiff also alleges that correctional officers Lawton, Tran and Morrison "destroyed" Plaintiff's
12 files by confiscating and placing files in twenty brown paper bags where he was able to later have
13 limited access to said files. (Doc. 53, pp. 5-6;Doc. 54 pp. 5-6.). Ultimately, Plaintiff requests this
14 court to grant "fifteen (15) additional days extension of time to file any objections, motions or
15 responses in this case. . . . [and to] contact the Corcoran prison litigation coordinators office and
16 instruct them to have 4B facility staff to issue [Plaintiff's] legal files." (Doc. 53, p. 7;Doc. 54 p. 7.).

17         "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v.*
18 *Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff
19 seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is
20 likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips
21 in his favor, and that an injunction is in the public interest." *Id.* at 374 (citations omitted). An
22 injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. *Id.* at 376
23 (citation omitted) (emphasis added). Federal courts are courts of limited jurisdiction and in
24 considering a request for preliminary injunctive relief, the Court is bound by the requirement that
25 as a preliminary matter, it have before it an actual case or controversy. *City of Los Angeles v. Lyons*,
26 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and*
27 *State, Inc.*, 454 U.S. 464, 471 (1982). Furthermore, the Court must have personal jurisdiction over
28 the parties in order to issue an injunction against any individual or entity and the Court may not

1  enjoin individuals who are not yet served or not before the court. *Zepeda v. United States I.N.S.*, 753
2  F.2d 719, 727 (9th Cir. 1983).

3      Plaintiff's conclusory allegations of a conspiracy is insufficient to demonstrate a likelihood
4  to succeed on the merits. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (conclusory
5  allegations are insufficient to withstand a motion to dismiss). Moreover, Plaintiff has made no
6  showing that he is being prevented from accessing specific legal documents that he has immediate
7  need for at this stage in the litigation. As the allegations in Plaintiff's motions for injunctive relief
8  suggests a remedy by enjoining individuals that are not a part of this action, the Court notes that it
9  does not have jurisdiction to grant injunctive relief by enjoining individuals that are not parties to
10 this action. *See Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

11     Accordingly, it is recommended that Plaintiff's motions for preliminary injunctive relief,
12 filed on August 20, 2010, and on August 25, 2010, be DENIED, with prejudice. Aditionally,
13 Plaintiff's request for automatic fifteen day extensions to any future deadlines should be denied.[2]

14     It is ordered that this finding and recommendation be submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within
16 **THIRTY (30) DAYS** after being served with the finding and recommendation, Plaintiff may file
17 written objections with the Court. The document should be captioned "Objections to Magistrate
18 Judge's Finding and Recommendation." Plaintiff is advised that failure to file objections within the
19 specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d
20 1153 (9th Cir. 1991).

21 IT IS SO ORDERED.

22
23 Dated:    January 7, 2011                                                    
                                                       UNITED STATES MAGISTRATE JUDGE

---

28    [2] Plaintiff in the future, can comply with Rule 6 of the Federal Rules of Civil Procedure and Local Rule 144 for future requests for extension of time upon demonstrating good cause for such an extension.

3