# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO: 1:07-cv-01390-LJO-GBC (PC) |
| Plaintiff, | ORDER FOR PLAINTIFF TO SHOW CAUSE REGARDING DUPLICATIVE CLAIMS IN OTHER LITIGATION |
| v. | |
| DERRAL G. ADAMS, et al., | ORDER FOR DEFENDANTS TO FILE BRIEF ON ISSUE OF DUPLICATIVE CLAIMS |
| Defendants. | (Doc. 21) |

Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 21, 2007, and is proceeding on Plaintiff's second amended complaint filed on April 8, 2009. (Docs. 1, 21, 30.). This action is proceeding on Plaintiff's second amended complaint for claims stemming from events at California State Prison in Corcoran ("CSP-Corcoran") for First Amendment retaliation, excessive force in violation of the Eighth Amendment and violating Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment. (Docs. 21, 30.).

It appears to the Court that this action is proceeding on duplicative claims and defendants brought in another case, *Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI -DLB.[1]  The Court applies a

---

[1] In other actions, Plaintiff demonstrates a pattern of bringing similar retaliation claims involving conspiracies to "taint" Plaintiff's meals with "discomfort causing chemicals" and physically beat Plaintiff. *See, e.g.*, *Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI -DLB (Doc. 65); *Lamon v. Cate, et al.*, 2011 WL 773046, 1:09-cv-02220 (E.D. Cal., Feb. 28, 2011); *Lamon v. Adams, et al.*, 2011 WL 318301, 1:09-cv-00205 (E.D. Cal., Feb. 1, 2011); *Lamon v. Adams, et al.*, 2009 WL 4253632, 1:07-cv-00829 (E.D. Cal., Nov. 24, 2009); *Lamon v. Adams, et al.*, 2009 WL 3857411, 1:09-cv-00514 (Nov. 17, 2009); *Lamon v. Stratton, et al.*, 2009 WL 1531629, 1:08-cv-1762 (E.D. Cal., May 27, 2009).

1

two part test to determine if the second action is duplicative of the first: 1) whether the causes of action and relief sought are the same; and 2) whether the parties or privies to the action, are the same. *Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007). According to the Ninth Circuit:

> To ascertain whether successive causes of action are the same, we use the transaction test, developed in the context of claim preclusion. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together."

*Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992)). In applying the transaction test, the Court examines four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir.1982)). 'The last of these criteria is the most important.' *Id.* at 689.

In *Tilton*, the case proceeded on Plaintiff's third amended complaint. *Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI -DLB (Doc. 68, Order adopting findings and recommendations as to what claims would proceed from the third amended complaint; Doc. 41, Third amended complaint). Plaintiff originally filed *Tilton* on March 29, 2007, and this action on September 21, 2007. In both the third amended complaint in the *Tilton* action (Doc. 41) and the second amended complaint in this action (Doc. 21), Plaintiff asserted that he is proceeding on claims stemming out the same two administrative grievances: one administrative grievance numbered CSPC-5-06-2116 and another administrative grievance numbered CSPC-6-06-03346. *Compare Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI-DLB (Doc. 41 at p. 7) *with Lamon v. Adams, et al.*, 1:07-cv-01390-LJO-GBC (Doc. 21 at p. 6).

In *Tilton*, Plaintiff alleged that:

> . . . from February 23, 2006, on-going, [correctional officers] . . . J. Masiel . . . [and] L. Mendoza . . . subjected me to manifold acts of retaliation, including but not

> limited to the chronic unprovoked infliction of wanton and unnecessary inflictions of pain, physical and mental suffering by systematically tainting me meals, beverages, lotions, gels and food packages from home with cleaning detergents and unknown other chemical agents that cause me excruciating pain . . . .

(Doc. 41, Third Amended Complaint at p. 19, ¶ 115). The court in *Tilton* adopted recommendations to dismiss this and similar claims for failure to state a claim since such claims rose to the level of being 'irrational' or 'wholly incredible.' (Doc. 65 at p. 4 (Findings and Recommendations); Doc. 68 (Order adopting Findings and Recommendations). Ultimately, *Tilton*, was dismissed for failure to exhaust administrative remedies on March 23, 2011. (Doc. 140 ).

In this action, Plaintiff alleges that:

> [He] suffered a highly-amplified pattern of harassment, intimidation and retaliation from Corcoran officials including but not limited to . . . Masiel [and] Mendoza. . . including taintings of [his] meals with pain and discomfort causing chemical agents, physically beating [Plaintiff] while [he] was handcuffed behind [his] back . . . ." (Doc. 21, Complaint at ¶ 45). Plaintiff further alleged that "On May 23, 2006, as Defendants Masiel . . . [and] Mendoza were escorting [him] . . . Defendant Masiel made incessant threats that [Masiel] and [the other officers] were tired of [Plaintiff's] complaining, filing grievances and trying to file lawsuits and if [Plaintiff] did not back off, [the officers] were going to "take [Plaintiff] down."

(Doc. 21, Second Amended Complaint at p. 15, ¶ 54). Plaintiff further alleged that Defendant Masiel beat Plaintiff while Defendant Mendoza, along with other defendants where on top of Plaintiff and held him down. (Doc. 21, Second Amended Complaint at p. 15, ¶ 56).

Plaintiff in *Tilton* vaguely alleged that Defendants Masiel and Mendoza retaliated against Plaintiff from February 23, 2006 onward through various acts of retaliation which included tainting Plaintiff's food. In this action, Plaintiff states that in addition to tainting food in retaliation, Defendants Masiel and Mendoza beat Plaintiff on May 23, 2006, in retaliation. Although the facts in this case are more detailed than those stated in *Tilton,* Plaintiff had multiple opportunities in *Tilton* to amend his complaint to address the alleged retaliatory conduct that stemmed from his two administrative grievances numbered CSPC-5-06-2116 and CSPC-6-06-03346. After having several chances to amend the complaint, the fact that the Court in *Tilton* dismissed the claims with prejudice for his failure to fix the shortcoming in his complaint, does not give Plaintiff the right to file a second lawsuit based on the same events. *See Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ('The fact that plaintiff was denied leave to amend does not give him the right

to file a second lawsuit based on the same facts.'). The two suits arose out of the same transactional nucleus of facts and were Plaintiff able to fix the shortcomings of his pleadings in *Tilton*, the May 23, 2006, retaliatory beating for Plaintiff's litigation would have necessarily been joined to his vague claims of "manifold acts of retaliation, including but not limited to the chronic unprovoked infliction of wanton and unnecessary inflictions of pain, physical and mental suffering by systematically tainting me meals." *See Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007).

The second part of the test is determining whether the defendants or privies to the action, are the same. *Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007). Both actions had many of the same defendants although many were ultimately dismissed: Masiel, Mendoza, Luna, Roberts, Salinas, Jones, Castillo, Lopez and Adams. *Compare Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI -DLB (Doc. 41 at pp. 1, 10-11) *with Lamon v. Adams, et al.*, 1:07-cv-01390-LJO-GBC (Doc. 21 at pp. 1, 4, 10 ). Although, the later action added Defendants David and Jane Doe to the retaliation claims stemming from administrative grievances numbered CSPC-5-06-2116 and CSPC-6-06-03346, Defendants David and Jane Doe are in privity with the other correctional officer defendants as employees of the California State Prison in Corcoran. *See Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th Cir. 2007).

Because it appears to the Court that retaliation claims in *Tilton* arise out of the same transactional nucleus of facts as the retaliation and eighth amendment claims in this action and involve the same defendants, the Court HEREBY ORDERS:

1.  Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the this action should not be dismissed as duplicative of *Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI -DLB. In Plaintiff's response to this order to show cause, Plaintiff must indicate whether he wishes to file a response within fourteen (14) days of Defendant's filing their brief on the matter of duplicity.

///
///
///

    2.    Defendants shall file a brief on the matter within seven (7) days of Plaintiff's response.

IT IS SO ORDERED.

Dated:    April 12, 2011

UNITED STATES MAGISTRATE JUDGE