# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON, | CASE NO: 1:07-cv-01390-LJO-GBC (PC) |
| Plaintiff, | FINDING AND RECOMMENDATION, RECOMMENDING DISMISSING ACTION AS BARRED BY RES JUDICATA |
| v. | |
| DERRAL G. ADAMS, et al., | (Doc. 21) |
| Defendants. | |

**I.      Procedural Background**

Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 21, 2007, and is proceeding on Plaintiff's second amended complaint filed on April 8, 2009. (Docs. 1, 21, 30). On April 12, 2011, the Court issued an Order to Show Cause ("OSC") as to whether the action should be dismissed as duplicative and ordered both parties to provide additional briefing on the matter. (Doc. 74). On April 28, 2011, Plaintiff filed a response to the OSC (Doc. 76) and on May 12, 2011, Defendants filed a response. (Doc. 77). On May 26, 2011, Plaintiff filed a reply. (Doc. 78).

**II.      Res Judicata Legal Standard**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dept. of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir.1977). In this instance, Plaintiff maintained two separate actions,

involving the same subject matter and defendants at the same time, however, the earlier filed action dismissed with prejudice the duplicative claim and in this case the claim went forward. After careful review of the record, Plaintiff's response and Defendants' response, the Court finds that this action is barred by claim preclusion and is proceeding on claims previously brought in another case, *Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI -DLB.[1] Claim preclusion (res judicata) pertains to 'the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit . . .' *Gospel Missions of America v. City of Los Angeles*, 328 F.3d 548, 553 (9th Cir. 2003) quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ('Res judicata precludes the litigation of "any claims that were raised or could have been raised" in a previous lawsuit.'). "The elements necessary to establish *res judicata* are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'"

---

[1] In other actions, Plaintiff demonstrates a pattern of bringing the same retaliation claims involving conspiracies to "taint" Plaintiff's meals with "discomfort causing chemicals" and other means of cruel and unusual punishment as a form of retaliation against Plaintiff. *See, e.g.*, *Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI-DLB (Doc. 65) (E.D. Cal., June 30, 2009); *Lamon v. Cate, et al.*, 2011 WL 773046, at *1, *6 & n.4, 1:09-cv-02220 (E.D. Cal., Feb. 28, 2011) ("Plaintiff alleges that he was subjected to retaliation for over a year via being denied mail from his family, friends, attorneys and legal-aid groups, via his meals which were tainted with pain causing agents and served in smaller quantities so as to cause he, and via cell-mates (who were 'inmate-agents' enlisted to inflict pain and physical discomfort on Plaintiff) to fight over the food tray with larger portions-both because he assaulted a prison employee and his prolific legal filings." and ". . . [Defendants] repeatedly serv[ed] [Plaintiff and cell mate] one regular meal and one meal which was significantly smaller and saturated in pain and discomfort causing chemicals." ); *Lamon v. Adams, et al.*, 2011 WL 318301, at *1, 1:09-cv-00205 (E.D. Cal., Feb. 1, 2011) ("Plaintiff made numerous written and verbal complaints about prison staff retaliating against him by tainting his meals with chemicals. "); *Lamon v. Adams, et al.*, 2009 WL 4253632, at *1, 1:07-cv-00829 (E.D. Cal., Nov. 24, 2009) ("Given Plaintiff's pro se status, the Court . . . [found] that the allegations that Plaintiff was given meals contaminated with chemicals adequately state an Eighth Amendment violation."); *Lamon v. Adams, et al.*, 2009 WL 3857411, at *10, 1:09-cv-00514 (Nov. 17, 2009) (summarizing state court appeals' description of the lengthy background to the claim ". . . appellant declared he needed investigative services to support his defense that 'his battery' on Officer Fierro 'was justifiable self-defense' because Fierro was acting in concert with the warden and other officers to taint appellant's food with 'pain-inducing chemical agents.'") and 2009 WL 1704420 at *2 ("Plaintiff made numerous written and verbal complaints about prison staff retaliating against Plaintiff by tainting his meals with chemicals."); *Lamon v. Stratton, et al.*, 2009 WL 1531629, at *2, 1:08-cv-1762 (E.D. Cal., May 27, 2009) (". . . [officers] beat Plaintiff while he was handcuffed. Plaintiff alleges that while he was being transported to his cell, he was pulled by his handcuffs at his feet up a flight of stairs and that he was intentionally dropped, rammed, and bumped into desks, chairs, and stairs." and "After he refused to withdraw his lawsuits, Plaintiff claims he suffered severe headaches, abdominal pain, blurred vision, pain in his ears and sinuses, burning in his throat, irritation, and a chemical aftertaste from his meals. Plaintiff alleges that the Defendants poisoned his food or did not intervene when they knew his food was poisoned."); *Lamon v. Jumious, et al.*, 1:09-cv-00484-GBC.(Doc 7 at 7, 9, 13) (describing various times where his food has been tainted by chemicals and how defendants "taint[ed] [Plaintiff's] meals with some excruciating pain-causing chemical" and "issued [Plaintiff] breakfasts and lunches in a chemically-saturated glob").

*Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.2d 1064, 1077 (9th Cir. 2003)).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action *sua sponte*, even though the defense has not been raised," *Arizona v. California*, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be heard prior to dismissal, *Headwaters, Inc.*, 399 F.3d at 1055. Generally a person who is not a party to an action is not entitled to the benefits of res judicata. However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 2003). "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government." *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940).

### III.  Analysis

#### A.  Identity of Claims

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992).[2] In applying the transaction test, the Court examines the following criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir.1982). "The last of these criteria is the most important." *Id.* at 1202. In *Tilton*, the case proceeded on Plaintiff's third

---

[2] Plaintiff argues in his reply (Doc. 78) that *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762, should be binding authority on this case. However, in *Texaco Trading & Transp., Inc.*, the Ninth Circuit applies California law defining res judicata since a California action was argued to have a preclusive effect. This case involves a federal action deemed to have a preclusive effect, therefore, *City of Martinez* does not apply in this instance.

amended complaint. *Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI-DLB (Doc. 68, Order adopting findings and recommendations as to what claims would proceed from the third amended complaint; Doc. 41, Third amended complaint). Both actions had many of the same defendants (although many were ultimately dismissed in *Tilton*): Masiel, Mendoza, Luna, Roberts, Salinas, Jones, Castillo, Lopez and Adams. *Compare Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI-DLB (Doc. 41 at pp. 1, 10-11) *with Lamon v. Adams, et al.*, 1:07-cv-01390-LJO-GBC (Doc. 21 at pp. 1, 4, 10 ). Plaintiff originally filed *Tilton* on March 29, 2007, and this action on September 21, 2007. Plaintiff's complaints in *Tilton* were dismissed on January 28, 2008 and September 12, 2008 with leave to amend (Docs. 18, 28) and Plaintiff's retaliatory excessive force claims were ultimately dismissed on August 11, 2009. *Tilton* at Doc. 68. Meanwhile, same and similar claims against the same defendants were determined to proceed in an order dated September 11, 2009. *Adams* at Doc. 29. In both the third amended complaint in the *Tilton* action (Doc. 41) and the second amended complaint in this action (Doc. 21), Plaintiff asserted that his claims stem from the same two administrative grievances: one administrative grievance numbered CSPC-5-06-2116 and another administrative grievance numbered CSPC-6-06-03346. *Compare Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI-DLB (Doc. 41 at p. 7) *with Lamon v. Adams, et al.*, 1:07-cv-01390-LJO-GBC (Doc. 21 at p. 6).

In *Tilton*, Plaintiff alleged that:

> . . . from February 23, 2006, on-going, [correctional officers] . . . J. Masiel . . . [and] L. Mendoza . . . subjected me to manifold acts of retaliation, including but not limited to the chronic unprovoked infliction of wanton and unnecessary inflictions of pain, physical and mental suffering by systematically tainting me meals, beverages, lotions, gels and food packages from home with cleaning detergents and unknown other chemical agents that cause me excruciating pain . . . .

(Doc. 41, Third Amended Complaint at p. 19, ¶ 115).

In this action (*Adams*), Plaintiff alleges that:

> [He] suffered a highly-amplified pattern of harassment, intimidation and retaliation from Corcoran officials including but not limited to . . . Masiel [and] Mendoza. . . including taintings of [his] meals with pain and discomfort causing chemical agents, physically beating [Plaintiff] while [he] was handcuffed behind [his] back . . . ."

(Doc. 21, Complaint at ¶ 45). Plaintiff further alleged that "On May 23, 2006, as Defendants Masiel . . . [and] Mendoza were escorting [him] . . . Defendant Masiel made incessant threats that [Masiel] and [the other officers] were tired of [Plaintiff's] complaining, filing grievances and trying to file lawsuits and if [Plaintiff] did not

back off, [the officers] were going to "take [Plaintiff] down."
(Doc. 21, Second Amended Complaint at p. 15, ¶ 54). Plaintiff further alleged that Defendant Masiel beat Plaintiff while Defendant Mendoza, along with other defendants where on top of Plaintiff and held him down. (Doc. 21, Second Amended Complaint at p. 15, ¶ 56). It is clear that the claims in this action stem from the same transactional nucleus of facts, involve the same right to be free from retaliatory cruel and unusual punishment and the prior judgment dismissing the claim on the merits implicates the established interests of Defendants from facing additional prosecution. Additionally the type of evidence that would have been obtained in the form of witness testimony from Defendants and documents in Plaintiff's central file would have been the same to address the ongoing series of cruel and unusual retaliatory acts.

Plaintiff's earlier filed suit of *Tilton* contains the same allegation of tainting food with chemicals, vaguely alleges unconstitutional conduct by the same defendants (Masiel and Mendoza) during a broad date ("from February 23, 2006, on-going") and a broad range of retaliatory cruel and unusual conduct ("...manifold acts of retaliation, including but not limited to the chronic unprovoked infliction of wanton and unnecessary inflictions of pain..."). Plaintiff had multiple opportunities in *Tilton* to amend his complaint to add the May 23, 2006, retaliatory use of excessive force by Defendants Masiel and Mendoza that stemmed from Plaintiff's two administrative grievances numbered CSPC-5-06-2116 and CSPC-6-06-03346. However, rather than amend his complaint in *Tilton* to provide greater specificity to the "manifold acts of retaliation, including but not limited to the chronic unprovoked infliction of wanton and unnecessary inflictions of pain," Plaintiff had split the claim between two cases and the duplicative claims in *Tilton* were dismissed with prejudice. Based on the above comparison of *Tilton* and this action, the Court finds that both actions stem from the same series of events and could have conveniently been tried together. *See Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992).

### B.     Final Judgment on the Merits

The court in *Tilton* adopted recommendations to dismiss the retaliatory cruel and unusual punishment claims for failure to state a claim, finding that such claims rose to the level of being 'irrational' or 'wholly incredible.' (Doc. 65 at p. 4 (Findings and Recommendations); Doc. 68

5

(Order adopting Findings and Recommendations).[3]  The Court finds that Plaintiff's claims of "manifold acts of retaliation, including but not limited to the chronic unprovoked infliction of wanton and unnecessary inflictions of pain" that occurred from "February 23, 2006, on-going" were decided dismissed on the merits.

### C. Privity Between Parties

Both actions had many of the same named defendants although many were ultimately dismissed: Masiel, Mendoza, Luna, Roberts, Salinas, Jones, Castillo, Lopez and Adams. *Compare Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI -DLB (Doc. 41 at pp. 1, 10-11) *with Lamon v. Adams, et al.*, 1:07-cv-01390-LJO-GBC (Doc. 21 at pp. 1, 4, 10).  Although, the later action added Defendants David and Jimenez (Jane Doe) to the retaliation claims stemming from administrative grievances numbered CSPC-5-06-2116 and CSPC-6-06-03346, Defendants David and Jimenez are in privity with the other correctional officer defendants as employees of the California State Prison in Corcoran.  *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1405 (9th Cir. 2003); *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940); *see also Adams v. California Dept. of Health Services*, 487 F.3d 684, 691 (9th Cir. 2007).

### IV. Conclusion

The Court finds that the retaliation and eighth amendment claims in this action arise out of the same transactional nucleus of facts as the retaliatory eighth amendment claims that were dismissed with prejudice in *Tilton* and both actions involve the same defendants.  Therefore, the Court HEREBY RECOMMENDS:

1. The action be dismissed WITH PREJUDICE as barred by res judicata and duplicative of *Lamon v. Tilton, et al.*, 1:07-cv-00493-AWI -DLB.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's

---

[3] Ultimately, *Tilton*, was dismissed for failure to exhaust administrative remedies on March 23, 2011.  (Doc. 140 ).

6

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    June 6, 2011

UNITED STATES MAGISTRATE JUDGE