# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY LOUIS LAMON,<br><br>    Plaintiff,<br><br>    v.<br><br>DERRAL G. ADAMS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO: 1:07-cv-01390-LJO-GBC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING ON RELATED CASES<br><br>(Doc. 80) |

    Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on September 21, 2007, and is proceeding on Plaintiff's second amended complaint filed on April 8, 2009. (Docs. 1, 21, 30). On April 12, 2011, the magistrate judge issued an Order to Show Cause ("OSC") as to whether the action should be dismissed as duplicative and ordered both parties to provide additional briefing on the matter. (Doc. 74). After the filing of responses to the OSC, on June 7, 2011, the magistrate judge filed findings and recommendations in which the magistrate judge highlighted many of Plaintiff's actions that appear to have duplicative claims and ultimately recommended dismissing the action as barred by res judicata. (Doc. 79). On June 7, 2011, Plaintiff filed a motion requesting the Court for an evidentiary hearing to aid Plaintiff in determining which claims among his multiple pending actions are duplicative. (Doc. 80).

    Plaintiff seeks an evidentiary hearing to sort out the potentially duplicative claims in his civil actions and he cites to 28 U.S.C. § 1651 (the All Writs Act) and Local Rule 123(a) as authority for his motion. The All Writs Act authorizes the issuance of extraordinary writs in aid of the issuing

court's jurisdiction. *Clinton v. Goldsmith*, 526 U.S. 529, 534, 119 S.Ct. 1538 (1999) (quotations omitted). Plaintiff's reliance on the All Writs Act in support of his request for an evidentiary hearing is misplaced and his citation to the Act is disregarded. The matter of res judicata is currently being addressed by Plaintiff and Defendants in this action. It is the duty of the Plaintiff to keep records regarding his multiple pending actions and to ensure against filing duplicative claims and there is no provision that entitles Plaintiff to a general evidentiary hearing to address the issue of duplicative claims in his pending actions. Accordingly, Plaintiff's motion is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    June 21, 2011**                              /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE