1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  BARRY LOUIS LAMON,                          CASE NO: 1:07-cv-01390-LJO-GBC (PC)

10                      Plaintiff,             ORDER DENYING RULE 59(e) MOTIONS
                                               FOR RECONSIDERATION
11          v.
                                               (Docs. 87, 88)
12  DERRAL G. ADAMS, et al.,

13                      Defendants.
                                          /
14  ────────────────────────────────

15      **I.      Procedural Background**

16          Barry Louis Lamon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

17  in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on September 21, 2007,

18  and is proceeding on Plaintiff's second amended complaint filed on April 8, 2009.  (Docs. 1, 21, 30).

19  On June 7, 2011, the Magistrate Judge filed findings and recommendations in which recommended

20  dismissing the action as time-barred.  (Doc. 79).  On July 6, 2011, the Court adopted the findings

21  and recommendations and dismissed the action.  (Docs. 85, 86).  On July 20, 2011, and August 3,

22  2011, Plaintiff filed two motions for reconsideration pursuant to Rule 59(e) of the Federal Rules of

23  Civil Procedure.  (Docs. 87, 88).

24      **II.     Legal Standard and Analsysis**

25          Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its

26  judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e).  'Since specific

27  grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable

28  discretion in granting or denying the motion.' *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th

1    Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per

2    curiam)).  But amending a judgment after its entry remains 'an extraordinary remedy which should

3    be used sparingly.' *Id.*  In general, there are four basic grounds upon which a Rule 59(e) motion may

4    be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the

5    judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable

6    evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is

7    justified by an intervening change in controlling law.  *Id.*

8           In Plaintiff's motions for reconsideration, Plaintiff argues that the Court erred in stating that

9    Plaintiff filed objections on June 29, 2011, when Plaintiff asserts that he, in fact, filed objections on

10   June 24, 2011.  (Doc. 87 at 2-3; Doc. 88 at 2-3).  Plaintiff appears to argue that the Court failed to

11   consider Plaintiff's arguments in his objection because the Court did not reiterate Plaintiff's

12   objections in its order to adopt. (Doc. 87 at 4; Doc. 88 at 3-4).  Although the Court did not reiterate

13   Plaintiff's arguments in his objections in its order adopting the findings and recommendations, the

14   Court did review Plaintiff objections and determined that the findings and recommendations were

15   supported by proper legal analysis.  (Doc. 85).

16         **III.    Conclusions and Order**

17          The Court finds that Plaintiff has failed to demonstrate that he is entitled to reconsideration

18   pursuant to Rule 59(e).  Having carefully reviewed the entire file, the Court finds its order adopting

19   the findings and recommendations and dismissing the action as barred by res judicata is supported

20   by the record and by proper analysis.

21          Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for reconsideration filed

22   on July 20, 2011, and August 3, 2011, are DENIED.  (Docs. 87, 88).

23   IT IS SO ORDERED.

24   **Dated:     November 2, 2011**              **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

25

26

27

28